OPINION
Appellant, Marcus L. Honzu, appeals from the judgment of the Trumbull County Court of Common Pleas entered December 3, 2000. Specifically, appellant argues that the trial court erred by failing to advise him that the parole board could extend the stated prison term for certain violations of prison rules, when it imposed sentence.
On November 6, 2000, appellant pleaded guilty to four counts of aggravated robbery, in violation of R.C. 2911.01, felonies of the first degree, and two counts of felonious assault, in violation of R.C. 2903.11, felonies of the second degree. On December 3, 2000, following a sentencing hearing, appellant was sentenced to nine years for each count of aggravated robbery, to be served consecutively, and five years for each count of felonious assault, to run concurrently with the second nine-year sentence.
From this judgment and sentence, appellant appealed, raising the following assignment of error:
 "[1.] The trial court erred in failing to sentence the defendant-appellant in accord with the mandates of R.C. 2929.19(B)(3)(b)."
 The crux of the instant appeal is whether the notification requirement set forth in R.C. 2929.19(B)(3)(b) is constitutional, in light of the Supreme Court of Ohio's decision in Bray v. Russell
(2000), 89 Ohio St.3d 132. In Bray, the court held that R.C. 2967.11, colloquially referred to as the bad time statute, was an unconstitutional violation of the doctrine of separation of powers. Id., syllabus.
In his sole assignment or error, appellant asserts that the record is devoid of any notification that, as a consequence for violating prison rules, the parole board could extend the stated prison term pursuant to R.C. 2929.19(B)(3)(b). Therefore, appellant contends that this case must be remanded for resentencing. Appellee, the state of Ohio, argues that the current version of R.C. 2929.19(B)(3)(b) mirrors its former version by allowing the parole board to administratively extend an offender's stated prison term; i.e., it still permits the imposition of bad time.
Prior to the Bray decision, R.C. 2929.19(B)(3)(b) required that a sentencing court inform the offender that, pursuant to R.C. 2967.11 the parole board was administratively entitled to extend the stated sentence if the offender commits any criminal offense while serving the prison term. In Bray, the Supreme Court of Ohio stated that prison discipline is an exercise of executive power; however, trying, convicting, and sentencing inmates is not. Bray, 89 Ohio St.3d 132, 136. Accordingly, the Supreme Court of Ohio held that R.C. 2967.11, i.e. bad time, granted judicial power to the parole board, an executive branch of government, and thus, violated the doctrine of separation of powers. Id.
Following the decision in Bray, R.C. 2929.19(B)(3)(b) was amended and currently provides that, when a sentencing court determines that a prison term is necessary, it shall:
 "[N]otify the offender that, as part of the sentence, the parole board may extend the stated prison term for certain violations of prison rules for up to one-half of the stated prison term * * *."
 As amended, R.C. 2929.19(B)(3)(b) is devoid of any references to R.C. 2967.11 and currently permits the parole board to extend the stated prison term for violations of prison rules, rather than violations of criminal laws. Despite these changes, the present version of the statute still allows an executive branch of the government, to wit, the parole board, to engage in a judicial function, i.e. sentencing. Accordingly, pursuant to the reasoning articulated in Bray, the current version of R.C. 2929.19(B)(3)(b) violates the doctrine of separation of powers and is, therefore, unconstitutional.
Furthermore, R.C. 2943.032, which outlines the parole board's authority to extend a prison term, is an element of Ohio's statutory bad time scheme and also unconstitutional, pursuant to the Bray decision. SeeState v. Mallet (Nov. 15, 2001), Cuyahoga App. No. 79306, unreported, 2001 Ohio App. LEXIS 5086, at *7.
Simply put, bad time is unconstitutional. Because bad time is unconstitutional, the parole board cannot extend an inmate's stated sentence as a consequence of violating prison rules. Id.; State v. Woods
(Mar. 15, 2001), Cuyahoga App. No. 77713, unreported, 2001 WL 259193, at *5. Therefore, the notification requirement set forth in R.C.2929.19(B)(3)(b) is moot. Mallet, supra, at *7-8. The trial court did not err in failing to advise appellant of the possibility of bad time as a consequence for offenses committed while serving the imposed prison term.
The judgment of the Trumbull County Court of Common Pleas is affirmed.
CHRISTLEY, P.J., GRENDELL, J., concur.